UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEE ANTHONY RICHARDSON,

    Petitioner,

v.                                              Case No. 6:05-cv-1559-Orl-31JGG

JAMES V. CROSBY, JR., et al.,

    Respondents.
_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 9). Respondents filed a response to the petition (Doc. No. 11). Petitioner was provided an opportunity to reply to the response, but did not do so.

*Procedural History*

On April 17, 2001, Petitioner was charged by an amended information with two counts of robbery with a firearm, one count of aggravated assault with a firearm, one count of fleeing or attempting to elude a law enforcement officer at high speed or with wanton disregard, and one count of driving with a revoked license. A jury trial was conducted, and on January 17, 2002, the jury found Petitioner guilty of two counts of the lesser included offense of robbery, one count of fleeing and eluding a law enforcement officer, and one count of driving with a revoked license. The trial court entered a judgment of acquittal to the count of aggravated assault with a firearm. The trial court then adjudicated Petitioner guilty, and on March 22, 2002, sentenced him to two twenty-year terms of imprisonment for the two counts of robbery, a twenty-year term of imprisonment for fleeing

and eluding a law enforcement officer, and a five-year term of imprisonment for driving with a revoked license, all of which were ordered to run concurrently.

Petitioner appealed his convictions and sentences, and on March 18, 2003, the Fifth District Court of Appeal of Florida affirmed *per curiam*. *See Richardson v. State*, 842 So. 2d 130 (Fla. 5th DCA 2003). Mandate issued on April 4, 2003.

On October 20, 2004, pursuant to Florida Rule of Criminal Procedure 3.850, Petitioner signed a motion for postconviction relief, which was denied by the trial court. Petitioner appealed the trial court's decision to the Fifth District Court of Appeal, which affirmed *per curiam*. *See Richardson v. State*, 912 So. 2d 1247 (Fla. 5th DCA 2005). Mandate issued on October 20, 2005.

***Timeliness of the Instant Habeas Petition***

Pursuant to 28 U.S.C. § 2244(d)(1), the time for filing a petition for habeas relief under 28 U.S.C. § 2254 is restricted as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(B). The one-year period is tolled for the time during which a properly filed state postconviction or collateral proceeding is pending. *See* 28 U.S.C. § 2244(d)(2).

In the instant case, Respondents assert that Petitioner's federal habeas petition, which was filed on October 13, 2005,[1] pursuant to the mailbox rule,[2] is subject to dismissal because it is untimely pursuant to § 2244(d). The one-year statute of limitations began to run in this case on June 16, 2004, ninety days from the date on which the appellate court affirmed Petitioner's convictions and sentences. *See Bond v. Moore,* 309 F.3d 770, 773-74 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired). Therefore, absent a valid basis for tolling, Petitioner had until June 16, 2004, to file his federal habeas petition. Petitioner's motion for State postconviction relief was not signed until October 20, 2004, well after June 16, 2004. As such, the one-year time period for filing the instant petition was not tolled for a pending state court proceeding. Accordingly, the petition was not timely filed.

However, Petitioner asserts that he is actually innocent of some of the offenses for which he was convicted and sentenced. The one-year statute of limitations potentially may be tolled upon a showing of actual innocence. *See Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1218 (11th Cir. 2000) (refusing to consider whether actual innocence may toll statute of limitations in light of the

---

[1]Pursuant to this Court's Order of November 9, 2005, Petitioner refiled his habeas petition on January 20, 2006.

[2]To calculate the time in which a habeas petition must be filed, courts must apply the mailbox rule, which presumes that the petition is filed when it is signed and submitted to prison authorities. *Cramer v. Sec'y, Dept. of Corr.*, 2006 WL 2466912, *3 (11th Cir. 2006) (citing *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999)).

petitioner's failure to establish actual innocence); *see also Sibley v. Culliver*, 377 F.3d 1196, 1205 (11th Cir. 2004). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 615 (1998). To establish actual innocence, the petitioner must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995).

In the instant action, Petitioner contends that (1) the information did not contain the elements for the offenses of robbery or the specific date on which the offenses occurred and (2) the evidence does not support his conviction for the two counts of robbery. As discussed below, neither of these assertions demonstrates actual innocence.

First, Petitioner's contention that the information was defective is premised on a procedural defect, which does not establish actual innocence. *See, e.g.*, *Groom v. Samuels*, 2006 WL 1764779, *3 (D.N.J. 2006) (holding that the petitioner's assertion of actual innocence based on an allegedly defective indictment failed to address whether he was actually innocent of the crimes charged). Furthermore, Petitioner has not established that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.

To support his claim of actual innocence, Petitioner asserts that he would have testified at trial if his defense counsel had not sought to prevent him from doing so.[3] Had he testified at trial, Petitioner contends that he would have told the jury that he only gave his co-defendants a ride and that he was unaware that they were planning to commit robbery. Contrary to Petitioner's assertions, however, his co-defendants testified that Petitioner was the driver for the robberies and that the plans

---

[3]This Court notes that when asked by the trial court if he wanted to testify, Petitioner responded that he did not. (App. II at 318.) Furthermore, Petitioner indicated that no one forced, threatened, or coerced him to prevent him from testifying. *Id.*

for carrying out the robberies were discussed in his presence. (App. II at 159-65, 176-79, 194-96.) Moreover, their testimony indicated that Petitioner was present when they donned their masks and that he told them that he would be waiting for them. (App. II at 161-62, 180, 282-87.) The Court concludes, therefore, that Petitioner has not presented evidence that would compel a finding that he is actually innocent of his conviction for two counts of robbery. *See, e.g., Grooms*, 2006 WL 1764779 at *3 (stating that "[a] petitioner must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim."). Accordingly, the petition is untimely and must be dismissed.

Any of Petitioner's allegations as to the timeliness of the petition not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 9, filed January 20, 2006) filed by Lee Anthony Richardson is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 1st day of September, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 9/1
Lee Anthony Richardson
Counsel of Record